**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MINNESOTA**
**COURT FILE NO.: 17-cv-3277**

| | |
|---|---|
| Henok Belay Kubrom,<br><br>                Plaintiff,<br>v.<br><br>Shield Screening,<br><br>                Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff, Henok Kubrom, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter "FCRA"), to secure redress for the failure of Defendant, Shield Screening, to follow reasonable procedures to ensure the maximum possible accuracy of the background checks it provided to prospective employers, which has caused Plaintiff to suffer lost employment opportunities, out-of-pocket loss and substantial emotional distress. Plaintiff seeks statutory, actual, and punitive damages in addition to his attorney's fees and costs.

## JURISDICTION

2. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681 *et seq*.

3. Venue is proper in the District of Minnesota because the claim arose in that judicial District, Plaintiff resides in that District, and Defendant conducts business in that District. *See* 28 U.S.C. § 1391(b).

1

## PARTIES

4. Plaintiff, Henok Belay Kubrom (hereinafter "Plaintiff"), is a resident of the Saint Anthony, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(3). Plaintiff's legal name is Henok Belay Kubrom.

5. Defendant Shield Screening (hereinafter "Defendant") is a business entity that provides background screening services, decision-making intelligence, public record reports, and operates as a consumer reporting agency; regularly conducts business within the State of Minnesota; and its principal place of business is located at 6810 East 121st Street, Bixby, OK 74008. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1)(B) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

6. In April 2017 Plaintiff applied for employment with non-party Fresh Thyme, a grocery store in Vadnais Heights, Minnesota.

7. Plaintiff and Fresh Thyme manager, "Casandra" discussed Plaintiff's employment at an in-person interview sometime prior to May 11, 2017.

8. At that interview, Casandra told Plaintiff that he would have the job subject to the background check.

9. Casandra asked Plaintiff if he had anything in the past seven years and Plaintiff told her he did not.

10. On or about May 11, 2017, in connection with Plaintiff's application for employment, Fresh Thyme ordered a background check/consumer report from Defendant.

11. Upon information and belief, Fresh Thyme provided Defendant with Plaintiff's full name (first, middle and last), his date of birth, social security number and address information.

12. Plaintiff's first name, date of birth, and social security number are all different from that of his brother, Robel Kubrom.

13. On May 12, 2017, Defendant sent a background check/consumer report to Plaintiff.

14. In the May 12, 2017 background report Defendant mixed Plaintiff's personal identifying information with that of his brother, Robel Kubrom.

15. Defendant's background / consumer report showed felony criminal activity that was in fact Plaintiff's brothers and not Plaintiff.

16. On May 16, 2017 Plaintiff was sent a pre-adverse action letter by Fresh Thyme and enclosing the Defendant's inaccurate consumer report and advising that it was having an adverse impact on his prospective employment.

17. Plaintiff immediately disputed the inaccurate felony information contained within Defendant's consumer report directly with Defendant on May 17, 2017.

18. Plaintiff was sent a final adverse action letter dated May 23, 2017, from his prospective employer, Fresh Thyme notifying him that he would not be receiving an offer of employment due in whole or in part on the information contained in Defendant's consumer report.

19. Defendant violated 15 U.S.C. §1681e when it compiled and published to Plaintiff's prospective employer an inaccurate consumer report, wherein Defendant mixed Plaintiff's consumer file with that of a felon, specifically Plaintiff's brother's criminal record.

20. Plaintiff suffered extreme emotional distress, despair, depression and loss of sleep as a result of the Defendant's conduct and the resulting denial of employment at Fresh Thyme.

21. Plaintiff has also suffered out-of-pocket loss as a result of Defendant's violations of 15 U.S.C. §1681e.

22. Defendant is liable to Plaintiff for statutory damages, punitive damages, actual damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT –

### 15 U.S.C. § 1681 *et seq*.

23. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

24. At all times pertinent hereto, the background report Defendant provided to Fresh Thyme regarding Plaintiff is considered a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

25. Defendant failed to provide a complete and accurate background report to Fresh Thyme on Plaintiff in May of 2017.

26. The background report compiled by Defendant and provided to Fresh Thyme contained an inaccurate reporting of two felony convictions, which did not belong to Plaintiff and in fact belonged to Plaintiff's brother, Robel Kubrom.

27. The background report compiled by Defendant and provided to Fresh Thyme contained inaccurate and negative information not belonging to Plaintiff.

28. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information and file it maintained regarding Plaintiff, in violation of 15 U.S.C. § 1681e(b).

29. Defendant willfully and negligently failed to employ strict procedures to ensure that background information is accurate, complete, and up to date, in violation of 15 U.S.C § 1681a(d)(1)(2).

30. Defendant's conduct, actions, and inactions were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the Act.

31. Alternatively, Defendant's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o of the Act.

32. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages and costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## JURY TRIAL DEMANDED

33. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. VII; Fed. R. Civ. P. 38.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and award him:

- actual damages, statutory and punitive damages, and costs and attorney's fees for Defendant's violations of the FCRA pursuant to 15 U.S.C §§ 1681n and 1681o in an amount to be determined at trial;
- punitive damages to deter such willful conduct in the future pursuant to 15 U.S.C. § 1681n(a)(2); and
- for such other and further relief as may be just and proper.

Dated this 21st day of July, 2017.   Respectfully submitted,

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Minnesota Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
Email: tommy@consumerjusticecenter.com

*ATTORNEY FOR PLAINTIFF*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA        )
                                                  ) ss.
COUNTY OF RAMSEY          )

I, Henok Belay Kubrom, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                                         s/Henok Belay Kubrom
                                                                         Henok Belay Kubrom

Subscribed and sworn to before me
this 19th day of July, 2017


s/Thomas J. Lyons
Notary Public